IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

TONY GILMORE (#72444)                                                       PETITIONER

v.                                         No. 4:12CV61-SA-JMV

STATE OF MISSISSIPPI                                               RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Tony Gilmore for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition. Gilmore has not responded to the motion, and the time for response has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the petition dismissed as untimely filed.

**Facts and Procedural Posture**

Tony Gilmore is in the custody of the Mississippi Department of Corrections and is currently housed at the Central Mississippi Correctional Facility in Pearl, Mississippi. Gilmore pled guilty to one (1) count of attempted burglary of a dwelling in the Circuit Court of Leflore County, Mississippi. He was sentenced on June 23, 2010, to serve eight (8) years in the custody of the Mississippi Department of Corrections, with three (3) years to serve and five (5) years on post-release supervision. By statute, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. Gilmore filed an Application for Leave to Proceed in the Trial Court with a motion for post-conviction relief in the Mississippi Supreme Court on March 1, 2013. The Supreme Court filed an order on March 28, 2013, dismissing the application, holding that Gilmore had never had an appeal affirmed or dismissed by that Court and the petition should have been filed in the trial court, instead.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Gilmore's judgment became final on June 23, 2010, so the deadline for filing a federal petition for a writ of *habeas corpus* was June 23, 2011. To enjoy statutory tolling of the limitations period under 28 U.S.C. § 2244(d)(2), Gilmore was required to properly file an application for post-conviction relief ("PCR") on or before June 23, 2011. *See Grillete v. Warden,* 372 F.3d 765, 769 (5th Cir. 2004); *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). Though he sought state post-conviction collateral relief in 2013, that was far beyond the June 23, 2011, federal *habeas corpus* deadline

and thus did not toll the one-year limitations period. In addition, Gilmore was neither actively misled nor prevented in some extraordinary fashion from asserting his rights; as such, he is not entitled to equitable tolling. *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999). Therefore, Gilmore's federal *habeas corpus* deadline was June 23, 2011.

Under the "mailbox rule," the instant *pro se* petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on June 26, 2012, and the date it was received and stamped as "filed" in the district court on June 28, 2012. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 369 days after the June 23, 2011, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 18th day of March, 2014.

                                                       **/s/ Sharion Aycock**
                                                      **U.S. DISTRICT JUDGE**